# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| ANDRE HENRY,<br><br>      Plaintiff,<br><br>      v.<br><br>DELAWARE STATE UNIVERSITY, a Delaware corporation,<br><br>PAULA DUFFY, Director of Delware State University's Office of Student Judicial Affairs,<br><br>KEMAL ATKINS, Vice President for Student Affairs at Delaware State University,<br><br>and<br><br>HARRY L. WILLIAMS, President of Delaware State University,<br><br>      Defendants. | Civil Action No. 13cv-2005 SLR<br><br>Non-Arbitration<br><br>Demand for Jury Trial |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendants Delaware State University ("DSU"), Paula Duffy, Kemal Atkins, and Harry L. Williams (collectively, "Defendants"), for their Answer to Plaintiff's First Amended Complaint (the "Complaint"), state as follows:

### FACTS

#### Parties

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Admitted.

629214.3

3. Defendants solely admit the allegations contained in the second sentence of Paragraph 3. The first sentence contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the first sentence.

4. Defendants solely admit the allegations contained in the second sentence of Paragraph 4. The first sentence contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the first sentence.

5. Defendants solely admit the allegations contained in the second sentence of Paragraph 5. The first sentence contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the first sentence.

6. Paragraph 6 is a characterization of the present action to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring this action under the Fifth and Fourteenth Amendments to the United States Constitution, The Civil Rights Act of 1964 – 42 U.S.C. §§ 1983 and 1988.

7. Paragraph 7 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 7.

8. Paragraph 8 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 8.

9. Paragraph 9 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 9.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Admitted.

12. Defendants solely admit that Plaintiff submitted a letter to DSU indicating that he is an orphan and declaring his residency in Delaware with a relative. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12.

13. Admitted.

14. Admitted.

15. Admitted.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Paragraph 19 contains characterization to which no response is required. To the extent a response is required, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Defendants solely admit that Tucker accused Plaintiff of raping and/or sexually assaulting her. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's characterization of the accusations. By way of further response, Defendants aver that following a full hearing on the matter, the DSU General Judicial Council found Plaintiff "Not Responsible" for the allegations against him.

25. Defendants solely admit that Tucker reported the allegations of rape and/or sexual assault to DSU Public Safety and/or other DSU employees or agents. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's characterization of the allegations. By way of further response, Defendants aver that following a full hearing on the matter, the DSU General Judicial Council found Plaintiff "Not Responsible" for the allegations against him.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Defendants solely admit that Plaintiff indicated to a DSU Public Safety Officer that his and Tucker's sexual intercourse was consensual.

31. Admitted.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Defendants solely admit that Plaintiff went to the DSU Public Safety Office and inquired as to the status of the allegations. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 33.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Defendants solely admit that Plaintiff indicated to Patrolman J. Bastianelli that his sexual intercourse with Tucker was consensual.

40. Denied. By way of further response, Defendants aver that Plaintiff was taken to the Court of Common Pleas in Dover, DE where he was turned over to the custody of the State of Delaware.

41. Admitted, upon information and belief.

42. Admitted, upon information and belief.

43. Admitted, upon information and belief.

44. Admitted, upon information and belief.

45. Defendants solely admit that Plaintiff's charges were dismissed without prejudice to a continuing investigation of the allegations against the Plaintiff.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

629214.3

-6-

47. Admitted.

48. Paragraph 48 purports to describe and partially quote correspondence from Duffy, which speak for themselves. Defendants respectfully refer the Court to the correspondence for their full and accurate contents.

49. Admitted.

50. Paragraph 50 purports to describe certain correspondence from Duffy, which speak for themselves. Defendants respectfully refer the Court to the correspondence for their full and accurate contents.

51. Paragraph 51 purports to describe certain correspondence from Duffy, which speak for themselves. Defendants respectfully refer the Court to the correspondence for their full and accurate contents.

52. Paragraph 52 purports to describe certain correspondence from Duffy, which speak for themselves. Defendants respectfully refer the Court to the correspondence for their full and accurate contents.

53. Paragraph 53 purports to describe certain correspondence from Duffy, which speak for themselves. Defendants respectfully refer the Court to the correspondence for their full and accurate contents.

54. Paragraph 54 purports to describe certain correspondence from Duffy, which speak for themselves. Defendants respectfully refer the Court to the correspondence for their full and accurate contents.

55. Paragraph 55 purports to describe certain correspondence from Duffy, which speak for themselves. Defendants respectfully refer the Court to the correspondence for their full and accurate contents.

629214.3

56. Defendants solely admit that Plaintiff had not previously been subject to a DSU hearing. By way of further response, Defendants aver that Plaintiff has had numerous prior incidents under the DSU student code of conduct.

57. Admitted.

58. Paragraph 58 purports to describe and partially quote certain correspondence from Duffy, which speak for themselves. Defendants respectfully refer the Court to the correspondence for their full and accurate contents.

59. Paragraph 59 purports to describe certain correspondence from Duffy, which speak for themselves. Defendants respectfully refer the Court to the correspondence for their full and accurate contents.

60. Paragraph 60 purports to describe certain correspondence from Duffy, which speak for themselves. Defendants respectfully refer the Court to the correspondence for their full and accurate contents.

61. Paragraph 61 purports to describe certain correspondence from Duffy, which speak for themselves. Defendants respectfully refer the Court to the correspondence for their full and accurate contents.

62. Paragraph 62 purports to describe certain correspondence from Duffy, which speak for themselves. Defendants respectfully refer the Court to the correspondence for their full and accurate contents.

63. Admitted.

64. Admitted.

65. Defendants solely admit that at the hearing, Plaintiff provided an account of the events at issue and that the testimony was tape-recorded.

66. Denied. By way of further response, Paragraph 66 does not accurately summarize the rights provided during a student disciplinary hearing, and the University submits that the Plaintiff was aware of the disciplinary procedures and protections available to him under the applicable University policies and ultimately availed himself of them.

67. Admitted.

68. Defendants solely admit that Jesse Allen testified that Tucker never screamed for Plaintiff to stop. The remaining allegations in Paragraph 68 contain characterization to which no response is required.

69. Admitted.

70. Defendants solely admit that the General Judicial Council did not make a decision immediately on or about November 6, 2013. Denied, however, that the hearing had concluded at that point.

71. Defendants solely admit that the General Judicial Council submitted a preliminary recommendation concerning Plaintiff to Atkins. Denied, however, that the hearing had concluded at that point. The remaining allegations in Paragraph 71 contain characterization to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 71.

72. Defendants solely admit that the General Judicial Council did not make a decision immediately on or about November 6, 2013. Denied, however, that the hearing had concluded at that point.

73. Admitted.

74. Defendants solely admit that on December 12, 2013, Defendant Duffy sent Plaintiff a notice, which speaks for itself. Defendants respectfully refer the Court to the notice for its full and accurate contents.

75. Paragraph 75 purports to describe the December 12, 2013 notice, which speaks for itself. Defendants respectfully refer the Court to the notice for its full and accurate contents.

76. Defendants solely admit that on December 12, 2013, Defendant Duffy sent Plaintiff a second notice, which speaks for itself. Defendants respectfully refer the Court to the notice for its full and accurate contents.

77. Paragraph 77 purports to describe the second notice, which speaks for itself. Defendants respectfully refer the Court to the notice for its full and accurate contents.

78. Defendants solely admit that on December 12, 2013, Defendant Duffy sent Plaintiff a third notice, which speaks for itself. Defendants respectfully refer the Court to the notice for its full and accurate contents.

79. Paragraph 79 purports to describe the third notice, which speaks for itself. Defendants respectfully refer the Court to the notice for its full and accurate contents.

80. Defendants solely admit that on December 13, 2013, Plaintiff attended the continuation of the General Judicial Council hearing. The remaining allegations contained in Paragraph 80 purport to describe the notices delivered on December 12, 2013, which speak for themselves. Defendants respectfully refer the Court to the notices, for their full and accurate contents.

81. Admitted.

82. Defendants solely admit that the General Judicial Counsel submitted a final recommendation to Atkins after the conclusion of the General Judicial Council hearing.

83. Admitted.

84. Admitted.

85. Denied. By way of further response, paragraph 85 purports to describe and partially quote the December 16, 2013 letter, which speaks for itself. Defendants respectfully refer the Court to the letter for its full and accurate contents.

86. Denied. By way of further response, paragraph 86 purports to describe and partially quote the December 16, 2013 letter, which speaks for itself. Defendants respectfully refer the Court to the letter for its full and accurate contents.

87. Paragraph 87 purports to describe and partially quote the December 16, 2013 letter, which speaks for itself. Defendants respectfully refer the Court to the letter for its full and accurate contents.

88. Paragraph 88 purports to describe the December 16, 2013 letter, which speaks for itself. Defendants respectfully refer the Court to the letter for its full and accurate contents.

89. Paragraph 89 purports to describe and partially quote the December 16, 2013 letter, which speaks for itself. Defendants respectfully refer the Court to the letter for its full and accurate contents.

90. Denied.

## DSU POLICIES

91. Paragraph 91 purports to describe DSU Judicial Affair's "Frequently Asked Questions" webpage, which speaks for itself. Defendants respectfully refer the Court to the site for its full and accurate contents.

92. Paragraph 92 purports to describe a document titled, "The Rights of the Student in Judicial System," which document speaks for itself. Defendants respectfully refer the Court to the document for its full and accurate contents.

93. Paragraph 93 and its subparagraphs purport to describe and partially quote the DSU Judicial Affairs Handbook, which speaks for itself. Defendants respectfully refer the Court to the handbook for its full and accurate contents.

## COUNT I: VIOLATION OF 42 U.S.C. § 1983 BASED ON FAILURE TO PROVIDE PROCEDURAL DUE PROCESS PRIOR TO DEPRIVING PLAINTIFF OF PROPERTY – DEFENDANTS ATKINS, WILLIAMS, AND DUFFY IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

94. In response to Paragraph 94, Defendants incorporate by reference their responses to each of the allegations contained in the Complaint.

95. Denied, upon information and belief.

96. Admitted.

97. Admitted.

98. Denied.

99. Defendants solely admit that on or about November 6, 2013, Defendants afforded Plaintiff a hearing, wherein he was given the opportunity to defend himself. Defendants deny the remaining allegations contained in Paragraph 99.

100. Defendants solely admit that Plaintiff remained suspended from DSU classes, prohibited from being on DSU's campus, and prohibited from residing on-campus while DSU continued its investigation. The remaining allegations contain characterization and argument to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 100.

629214.3

101. Defendants solely admit that Plaintiff remained suspended from DSU classes, prohibited from being on DSU's campus, and prohibited from residing on-campus until December 16, 2013.

102. Denied.

**COUNT II: VIOLATION OF ARTICLE 1, SECTION 7 OF THE DELAWARE CONSTITUTION BASED ON FAILURE TO PROVIDE PROCEDURAL DUE PROCESS PRIOR TO DEPRIVING PLAINTIFF OF PROPERTY – DEFENDANTS ATKINS, WILLIAMS, AND DUFFY IN THEIR INDIVIDUAL CAPACITIES**

103. In response to Paragraph 103, Defendants incorporate by reference their responses to each of the allegations contained in the Complaint.

104. Denied.

105. Denied.

106. Denied.

**COUNT III. VIOLATION OF 42 U.S.C. §1983 BASED ON FAILURE TO PROVIDE PROCEDURAL DUE PROCESS PRIOR TO DEPRIVING PLAINTIFF OF LIBERTY – DEFENDANTS ATKINS, WILLIAMS, AND DUFFY IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES**

107. In response to Paragraph 107, Defendants incorporate by reference their responses to each of the allegations contained in the Complaint.

108. Defendants admit solely that Plaintiff was suspended from classes and prohibited from being on DSU's campus until the conclusion of DSU's investigation of Tucker's allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

**COUNT IV: VIOLATION OF ARTICLE 1, SECTION 7 OF THE DELAWARE CONSTITUTION BASED ON FAILURE TO PROVIDE PROCEDURAL DUE PROCESS PRIOR TO DEPRIVING PLAINTIFF OF LIBERTY – DEFENDANTS ATKINS, WILLIAMS, AND DUFFY IN THEIR INDIVIDUAL CAPACITIES**

113. In response to Paragraph 113, Defendants incorporate by reference their responses to each of the allegations contained in the Complaint.

114. Denied.

115. Denied.

116. Denied.

**COUNT V: VIOLATION OF 42 U.S.C. §1983 BASED ON INADEQUATE PROCEDURAL DUE PROCESS, DENIAL OF THE RIGHT TO CROSS EXAMINE TUCKER – DEFENDANTS ATKINS, WILLIAMS, AND DUFFY IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES**

117. In response to Paragraph 117, Defendants incorporate by reference their responses to each of the allegations contained in the Complaint.

118. Admitted.

119. Denied.

120. Defendants solely admit that Plaintiff remained suspended and prohibited from being on DSU's campus until December 16, 2013.

121. Denied.

**COUNT VI: VIOLATION OF ARTICLE 1, SECTION 7 OF THE DELAWARE CONSTITUTION BASED ON INADEQUATE PROCEDURAL DUE PROCESS, DENIAL OF THE RIGHT TO CROSS-EXAMINE TUCKER – DEFENDANTS ATKINS, WILLIAMS, AND DUFFY IN THEIR INDIVIDUAL CAPACITIES**

122. In response to Paragraph 122, Defendants incorporate by reference their responses to each of the allegations contained in the Complaint.

123. Defendants solely admit that Plaintiff did not face and cross-examine Tucker at the November 6, 2013 hearing.

124. Denied.

125. Denied.

126. Denied.

### COUNT VII: VIOLATION OF 42 U.S.C. §1983 BASED ON INADEQUATE DUE PROCESS, FAILURE TO AFFORD PLAINTIFF COUNSEL – DEFENDANTS ATKINS, WILLIAMS, AND DUFFY IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

127. In response to Paragraph 127, Defendants incorporate by reference their responses to each of the allegations contained in the Complaint.

128. Paragraph 128 purports to describe correspondence from Duffy, which speak for themselves. Defendants respectfully refer the Court to the correspondence for their full and accurate contents. By way of further response, Paragraph 128 does not accurately summarize the rights provided during a student disciplinary hearing, and the University submits that the Plaintiff was aware of the disciplinary procedures and protections available to him under the applicable University policies and ultimately availed himself of them.

129. Defendants solely admit that on or about November 6, 2013, Plaintiff attended the General Judicial Council hearing without an attorney.

130. Defendants solely admit that on or about November 6, 2013, Plaintiff attended the General Judicial Council hearing without an attorney. The remaining allegations in Paragraph 130 contain characterizations and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 130.

131. Denied.

### COUNT VIII: VIOLATION OF 42 U.S.C. §1983 BASED ON FAILURE TO SUPERVISE, DELIBERATE INDIFFERENCE – DEFENDANTS ATKINS AND WILLIAMS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

132. In response to Paragraph 132, Defendants incorporate by reference their responses to each of the allegations contained in the Complaint.

-14-

133. Admitted.

134. Defendants solely admit that on or about November 6, 2013, Plaintiff attended the General Judicial Council hearing without an attorney. The remaining allegations in Paragraph 134 contain characterizations and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 134.

135. Paragraph 135 purports to describe correspondence from Duffy, which speak for themselves. Defendants respectfully refer the Court to the correspondence for their full and accurate contents. By way of further response, Paragraph 135 does not accurately summarize the rights provided during a student disciplinary hearing, and the University submits that the Plaintiff was aware of the disciplinary procedures and protections available to him under the applicable University policies and ultimately availed himself of them.

136. Denied.

### COUNT IX: VIOLATION OF 42 U.S.C. §1983 BASED ON FAILURE TO SUPERVISE, DELIBERATE INDIFFERENCE – DEFENDANTS ATKINS AND WILLIAMS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

137. In response to Paragraph 137, Defendants incorporate by reference their responses to each of the allegations contained in the Complaint.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

## COUNT X: NEGLIGENT SUPERVISION – DEFENDANTS ATKINS AND WILLIAMS IN THEIR INDIVIDUAL CAPACITIES

145. In response to Paragraph 145, Defendants incorporate by reference their responses to each of the allegations contained in the Complaint.

146. Paragraph 146 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 146.

147. Denied.

148. Denied.

149. Denied.

## COUNT XI: VIOLATION OF 42 U.S.C. §1983 *MONELL* CLAIM – DEFENDANT DSU

150. In response to Paragraph 150, Defendants incorporate by reference their responses to each of the allegations contained in the Complaint.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

629214.3

### Second Affirmative Defense

DSU correctly applied its policies and procedures.

### Third Affirmative Defense

Plaintiff was afforded due process.

### Reservation of Rights

Defendants reserve the right to assert any and all additional affirmative defenses which may be determined during the course of discovery.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's claims with prejudice and award such other and further relief as the Court deems appropriate.

/s/ *James D. Taylor, Jr.*
James D. Taylor, Jr. (#4009)
Gerard M. Clodomir (#5467)
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6863
Facsimile: (302) 421-5878
jtaylor@saul.com
gclodomir@saul.com

*Attorneys for Defendants*

Dated: January 13, 2014