**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ANDRE HENRY, | |
| Plaintiff, | |
| v. | Civil Action No. 13-2005 SLR |
| DELAWARE STATE UNIVERSITY, a Delaware corporation, | |
| PAULA DUFFY, Director of Delaware State University's Office of Student Judicial Affairs, | Non-Arbitration |
| KEMAL ATKINS, Vice President for Student Affairs at Delaware State University, | Demand for Jury Trial |
| and | |
| HARRY L. WILLIAMS, President of Delaware State University, | |
| Defendants. | |

**DEFENDANT DSU'S REPLY IN FURTHER SUPPORT
OF MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW defendant Delaware State University ("DSU" or the "University"), by and through its undersigned counsel, and submits this Reply in further support of its motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), dismissing Count XI of the Amended Complaint.

1.      As discussed in DSU's Motion for Judgment on the Pleadings, it is well-established that for purposes of the Eleventh Amendment, DSU is a State institution, and is thus exempt from the application of *Monell*.

2.      In support of its Motion, DSU cited several cases in which this Court or the Third Circuit Court of Appeals acknowledged, affirmed, or explicitly held that DSU is an arm of the State.  Indeed, DSU's status as a State agency has been confirmed by this Court for over 60 years.  *See e.g.*, *Chapman v. Trs. of Del. State Coll.,* 101 F.Supp. 441, 444 (D.Del. 1951) (dismissing complaint because "a Federal Court should not interfere with The Trustees of Delaware State College [DSU], a state agency, which is a body corporate of the State of Delaware.").

3.      Plaintiff's only response is to point to the Third Circuit's 1989 decision in *Fitchik v. NJ Transit Rail* and argue that in every case addressing DSU Eleventh Amendment immunity, the Courts allegedly failed to apply, or overlooked, *Fitchik*.  Thus, according to Plaintiff, the decisions have no precedential value.

4.      Plaintiff is wrong.  Each of the cases cited in DSU's Motion were decided well after the Third Circuit Courts had the benefit of *Fitchik*'s instruction—the most recent of which was decided 21 years after *Fitchik*.  That those opinions do not cite *Ftichik* (as is not unusual with respect to Eleventh Amendment rulings in this Circuit), does not mean the rulings are inconsistent. They are not, and this Court is well aware of *Fitchik*, and has been throughout the ten years in which it has affirmed DSU's status as a state agency.  *See Kuhn Const. Co. v. Diamond State Port Corp.*, 2011 WL 1576691 (D. Del. Apr. 26, 2011) (applying *Fitchik*); *Lui v. Comm'n on Adult Entm't Establishments of State of Delaware*, 2003 WL 307933 (D. Del. Jan. 31, 2003) (same); *Riley v. Delaware River & Bay Auth.*, 2006 WL 3020474 (D. Del. Oct. 25, 2006) (same).

5.     The cases confirming DSU's Eleventh Amendment Immunity, including the decision in *McKay v. Delaware State Univ.*, 2000 WL 1481018, at *10-11 (D. Del. Sep. 29, 2000), are in line with *Fitchik*, the factors described therein and the majority of cases concerning public institutions.   *See, e.g.*, *Kovats v. Rutgers, The State Univ.*, 40 Ed. Law Rep. 660 (3d Cir. June 30, 1987) ("The majority of cases addressing the question of Eleventh Amendment immunity for public colleges and universities have found such institutions to be arms of their respective states and thus immune from suit.").[1]

6.     Plaintiff has not pointed to any flawed reasoning in these cases; nor could he.  The factors described in the Court's decisions track those outlined in *Fitchik,* and the principle of *stare decisis* exists for precisely this reason.  Whether DSU is a state agency is a matter that has been addressed by this Court and the Third Circuit on numerous occasions, and should not be litigated once again.

## CONCLUSION

7.     For the foregoing reasons, and those set forth in DSU's Motion, DSU respectfully requests that the Court grant its Motion for Judgment on the Pleadings, dismissing Count XI, and award such other and further relief as the Court deems appropriate, including fees and costs.

---

[1] They are also in line with the overwhelming weight of evidence, which DSU would demonstrate on a fully developed record if this Court was inclined to revisit its prior rulings and consider anew questions about DSU's funding sources, autonomy and relationship with the State. DSU agrees that such questions should not be answered in the context of a motion for judgment on the pleadings and would require the development of a full record.

SAUL EWING LLP

/s/ *James D. Taylor, Jr.*
James D. Taylor, Jr. (#4009)
Gerard M. Clodomir (#5467)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone:  (302) 421-6863
Facsimile:   (302) 421-5878
jtaylor@saul.com
gclodomir@saul.com

*Attorneys for Defendants*

Dated: April 10, 2014